IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KOLE WESTWOOD and KEELEY WESTWOOD,<br><br> Plaintiffs,<br><br>v.<br><br>THE TRAVELERS HOME AND MARINE INSURANCE COMPANY and AARON HARRIGFELD,<br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS AND GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Case No. 2:24-cv-00719-JNP-DBP<br><br>District Judge Jill N. Parrish |

 Plaintiffs Kole and Keeley Westwood are Utah homeowners whose home was damaged in a particularly brutal winter storm a couple years ago. Specifically, the roof of their house buckled under the weight of the snow and ice, causing water to enter the house. Their insurer denied their claim based on an engineering inspection report prepared by Defendant Aaron Harrigfeld. According to the Westwoods, the report contained false representations about the history and condition of their roof. Even when they brought these misrepresentations to Travelers' attention (and the attention of Mr. Harrigfeld and the company that hired him), Travelers continued to deny their claims.

 The Westwoods then brought this lawsuit to obtain a judgment for the amount that they would need to restore the house to its pre-storm condition, along with various damages. Their complaint raises two contract claims and three tort claims (negligent misrepresentation, conspiracy to commit fraud, and fraud). Mr. Harrigfeld has moved to dismiss the three tort claims against him,

and Travelers has moved for judgment on the pleadings as to those same three claims. For the reasons below, the court GRANTS their motions.

## BACKGROUND

At this stage, the court "accepts the facts alleged in the complaint as true and view[s] them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016); *see also Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) ("A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6).").

The Westwoods live in a home they own in Vernal, Utah, where the average annual snowfall is approximately 20 inches. Their home was insured by Travelers under a policy that covered hail damage, wind damage, and ice damming, among other kinds of damage.

The 2022-2023 winter brought unusual amounts of snowfall to the area (73 inches, according to the complaint), which crushed the Westwoods' roof and created ice damming. The snow and ice caused water to enter the home and damage their master bedroom, carpeting, and many of their ceilings and walls.

The Westwoods filed a claim with Travelers, and Travelers hired Vertex Companies to inspect the property and assess the damage from the snow. Vertex then sent Mr. Harrigfeld, an Idaho-licensed engineer, for the inspection.[1] As part of his inspection, Mr. Harrigfeld produced Google Earth photos of the Westwoods' home that he claimed were taken in August 2022 and

---

[1] The Westwoods, who are citizens of Utah, had originally named Vertex Companies LLC as a Defendant as well. Later, it was discovered that Vertex was also a citizen of Utah, destroying the court's diversity jurisdiction over the action. ECF No. 40. To preserve federal-court jurisdiction, the parties stipulated to dismiss Vertex, and the court dismissed all claims against Vertex with prejudice. ECF No. 42.

showed evidence of prior damage and repairs. Based on Mr. Harrigfeld's report, Travelers denied the Westwoods' claim in full.

The Westwoods notified Travelers, Vertex, and Mr. Harrigfeld that the photos produced in Mr. Harrigfeld's report actually postdated the date of loss, in which case the damage in the photos reflected not preexisting damage but rather the very damage for which the Westwoods filed their insurance claim. They observed, for example, that the photos showed an apricot tree in full bloom and that apricot trees bloom in February and March, not in August. Further, they confirmed that the tarps visible in the photos were placed by their roofer after the snowstorm to mitigate the ice damage. The Westwoods even hired a public adjuster to evaluate the damage to their roof and explain the problems with Mr. Harrigfeld's photos to Travelers, Vertex, and Mr. Harrigfeld. Still, Travelers upheld the denial of their claim.

Despite the Westwoods' best efforts to mitigate the damage, it has produced numerous hazards for them and their home. Mold has been growing in their walls and floors, mushrooms have sprung up in their carpets, and the Westwoods have developed respiratory problems as a result.

The Westwoods filed this lawsuit to obtain the amount they believe they were entitled to under their policy (over $160,000), plus consequential damages, medical damages, and compensation for the harms from mold and fungi exposure, among other things. They bring five claims: (1) breach of contract against Travelers; (2) breach of covenant of good faith and fair dealing against Travelers; (3) negligent and intentional misrepresentation against both Defendants (Travelers and Mr. Harrigfeld); (4) conspiracy to commit fraud, against both Defendants; and (5) fraud, against both Defendants. Mr. Harrigfeld moves to dismiss the three claims against him under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, and Travelers

moves for judgment on the pleadings under Rule 12(c) as to those same three claims. (No Defendant has moved to dismiss or moved for judgment on the pleadings as to the first two claims.)

## ANALYSIS

The court considers both Defendants' motions together since "[a] motion for judgment on the pleadings . . . is treated as a motion to dismiss." *Alt. Richfield Co.*, 226 F.3d at 1160. On a motion to dismiss, the court considers whether the plaintiff would be entitled to relief based on the well-pleaded facts of the complaint assuming those facts are true. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

Initially, note that Utah courts consider a claim for intentional misrepresentation as essentially a claim for fraud. *State v. Kitchen*, 564 P.2d 760, 763 (Utah 1977) ("Fraud is defined as an instance or an act of trickery or deceit; an act of deluding; an *intentional misrepresentation* for the purpose of inducing another in reliance upon it to part with some valuable thing." (emphasis added)); *Fidelity Nat'l Title Ins. Co. v. Worthington*, 344 P.3d 156, 159 (Utah Ct. App. 2015) ("[W]e will consider fraud and intentional misrepresentation together . . . ."). That means that the three claims at issue right now are negligent misrepresentation, conspiracy to commit fraud, and fraud.

As the court sees it, all three of these theories suffer from a fatal defect: no one who received Mr. Harrigfeld's flawed report—not Travelers, not the Westwoods—relied on the misrepresentations in that report. That is, no one took the misrepresentations about preexisting damage to be true and then suffered harm as a result of taking those misrepresentations as true.

To understand this defect, consider the elements of negligent misrepresentation and fraud. Under Utah law, negligent misrepresentation occurs when "(1) a party carelessly or negligently makes a false representation expecting the other party to rely and act thereon, (2) the [other party]

*actually relies* on the statement, and (3) [the other party] suffers a loss as a result of that reliance." *Allegis Inv. Servs., LLC v. Arthur J. Gallagher & Co*, 371 F. Supp. 3d 983, 1005 (D. Utah 2019) (emphasis added) (quoting *Moore v. Smith*, 158 P.3d 562, 574 (Utah Ct. App. 2007)). Fraud requires a plaintiff to show

> (1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, . . . (5) for the purpose of inducing the other party to act upon it and (6) that the other party, *acting reasonably and in ignorance of its falsity*, (7) *did in fact rely upon it* (8) and was thereby induced to act (9) to that party's injury and damage.

*Armed Forces Ins. Exch. v. Harrison*, 70 P.3d 35, 40 (Utah 2003) (emphases added).

Set aside the issue of whether a misrepresentation must be made directly to the party bringing suit or whether the party bringing suit may recover for misrepresentations made to another party or entity.[2] Either way, both claims require that someone or some entity have relied on the alleged misrepresentation.

The problem for the Westwoods is that according to their complaint, all relevant parties knew the truth of their roof condition. Everyone who received Mr. Harrigfeld's photographs and the report containing them (that is, Travelers and the Westwoods) knew they were inaccurate.[3] As the Westwoods allege, "Travelers is aware that the report is false." ECF No. 1 (Complaint) ¶ 105.

---

[2] The Westwoods and Mr. Harrigfeld spend considerable space debating this issue. In the context of this case, their disagreement concerns whether the Westwoods may recover for harms stemming from Harrigfeld's allegedly fraudulent misrepresentations to Travelers, even though Harrigfeld did not make his allegedly fraudulent misrepresentations to the Westwoods themselves. The court concludes that it is unnecessary to resolve this question and leaves it for another day.

[3] At times, the Westwoods imply that Travelers also misrepresented the condition of their roof to them. This argument also goes nowhere because even if Travelers made this misrepresentation to them, the only people to whom that misrepresentation was made (the Westwoods themselves) knew that their roof did not have preexisting damage.

And when presented with Mr. Harrigfeld's report claiming evidence of prior damage and repairs, "[t]he Westwoods denied this and provided evidence proving the claims of damage and repairs were false." *Id.* ¶ 28. Since no party or entity actually relied on the misrepresentation, the claims for negligent misrepresentation and fraud fail.[4] And since the claim for fraud fails, the claim for conspiracy to commit fraud fails with it. *Gildea v. Guardian Title Co. of Utah*, 970 P.2d 1265, 1271 (Utah 1998) ("[C]onspiracy to defraud requires proof of the underlying fraud.").

The defect in the Westwoods' theory simply underscores that this dispute is fundamentally not one involving an (alleged) tort of misrepresentation; rather, it is one involving an (alleged) breach of contract.[5] Consider the relief requested in the complaint:

> [J]udgment against Defendants for the amounts due under the Policy sufficient to return the Property to its pre-loss condition (at least $162,716.22), consequential

---

[4] In their briefing, the Westwoods also invoke the Utah Insurance Fraud Act, which imposes civil penalties for a "fraudulent insurance act." UTAH CODE ANN. § 31A-31-103. Even setting aside the issue that the Westwoods did not mention the Act in their complaint, their reliance on the Act is misplaced. Although the court does not decide the issue here, the statute does not appear to provide a private cause of action because it contains no language authorizing private parties to sue. It vests enforcement authority instead with the Utah Insurance Commissioner. *See id.* § 31A-31-106(1) ("If . . . the *commissioner* finds by a preponderance of the evidence that a [licensed] person . . . has committed a fraudulent insurance act, the commissioner may suspend or revoke the license . . . ." (emphasis added)).

[5] The Westwoods' complaint separately appears to allege that Travelers falsely represented to them that their insurance policy would cover hail damage, wind damage, and ice damming, and that their losses were not covered by the policy. ECF No. 1 (Complaint) ¶¶ 92, 127. The first of these alleged misrepresentations could certainly form the basis of a negligent-misrepresentation or fraud claim if the policy did not in fact cover those types of damage. But the Westwoods nowhere allege that the policy excluded those types of damage from coverage. Rather, their dispute concerns whether their policy, which did generally cover hail damage, wind damage, and ice damming, would cover their particular loss—a legal question of contract interpretation. For that reason, Travelers' statement to them that their loss was not covered is not the type of alleged misrepresentation that can form the basis of a misrepresentation claim; it is a rather a determination to be litigated in a claim for breach of contract. *See also infra* (explaining why the Westwoods' tort claims are barred by the economic-loss rule applicable when the dispute is fundamentally one of contract law).

>damages, medical damages and harm to person and property from mold and fungi exposure, professional fees paid or due and owing, plus costs, pre- and post-judgment interest, punitive damages to the extent allowed by law, and any other relief the Court deems just and equitable.

Complaint at 19. What the Westwoods seek they could obtain, assuming they could prove their case, through their contract claims. This feature of their case independently dooms their misrepresentation and fraud claims because Utah courts adhere to the so-called economic-loss rule, which "prevents recovery of economic damages under a theory of tort liability when a contract covers the subject matter of the dispute." *Reighard v. Yates*, 285 P.3d 1168, 1174 (Utah 2012). Under that rule, "when a conflict arises between parties to a contract regarding the subject matter of that contract, the contractual relationship controls, and parties are not permitted to assert action in tort in an attempt to circumvent the bargain they agreed upon." *Id.* at 1176 (cleaned up). The parties' dispute here concerns Travelers' purported obligation to pay the Westwoods' claim—a subject matter already covered by their insurance contract laying out the conditions under which Travelers is and is not obligated to pay a claim.

The court's decision today means that all claims against Mr. Harrigfeld are dismissed and he is no longer a defendant in this action. Similarly, Travelers prevails on the tort claims against it. The court dismisses these claims with prejudice; an amended complaint would be futile because it could not resolve the fundamental issue with the Westwoods' tort theories. Only the contract claims against Travelers remain live.

## CONCLUSION AND ORDER

For the reasons above, the court **GRANTS** Mr. Harrigfeld's motion to dismiss with prejudice and **GRANTS** Travelers' motion for partial judgment on the pleadings.

Signed June 30, 2025.

                    BY THE COURT

                    _____
                    Jill N. Parrish
                    United States District Court Judge